IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRTICT OF TENNESSEE
NASHVILLE DIVISION

WESLEY HAGLER, DANIEL BUCHANAN,
JOSEPH BAILEY, BRANDON BOGGES,
VALERIE WILLYERD, and
PATSY WILSON, on behalf of
themselves and all others similarly situated,

    *Plaintiffs,*

vs.    No.

HUMPHREYS COUNTY, TENNESSEE
 GOVERNMENT

    *Defendant.*

## COMPLAINT

COMES NOW Plaintiffs Wesley Hagler, Daniel Buchanan, Joseph Bailey, Brandon Bogges, Valerie Willyerd and Patsy Wilson ("Plaintiffs") by and through their attorneys, William C. Sessions, Frances Hildebrand Sessions and Sessions Law Firm PLLC, and bring this action against the Defendant on behalf of themselves and other employees and former employees similarly situated, and file this Complaint against Defendant, Humphreys County Government ("Defendant") state and allege the following:

### NATURE OF SUIT

1. This collective action is brought by Plaintiffs on behalf of themselves and other similarly situated Humphreys County Government employees working for the Humphreys County Sheriff's Office (deputies and jailers) for purposes of obtaining relief under the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201, *et seq.*, and Tennessee law to recover from Defendant

for unpaid overtime compensation, unpaid back wages, interest thereon, liquidated damages, costs of suit, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

2. Defendant has willfully violated the FLSA by intentionally failing and refusing to pay Plaintiffs and other similarly situated employees all compensation due them under the FLSA and its implementing regulations over the course of the last three years. This action arises from Defendants' failure to include all statutorily required forms of compensation in the "regular rate" used to calculate Plaintiffs' overtime compensation and failure to pay the Plaintiffs all compensation for work performed which is legally owed to them under the FLSA, Tennessee law, and the terms and conditions of their employment.

## PARTIES

3. Plaintiffs are current or former employees of Humphreys County Government working for the Humphreys County Sheriff's Office (deputies and jailers). Plaintiffs bring this action on behalf of themselves, and all other employees similarly situated.

4. Pursuant to 29 U.S.C. §§ 216(b) and 256, the named Plaintiffs herein have executed and hereby file with the Court their written consents to become party Plaintiffs in this action, which are appended hereto as Collective Exhibit A. These written consent forms set forth each plaintiff's name and intent to be a party to the suit. Should other individuals similarly situated seek to join this action, their consents will be filed with the Court. When other individuals similarly situated join this action, their consent will be filed with the Court.

5. Plaintiff, Joseph Bailey, is an adult resident of Houston County, Tennessee. During the applicable statutory period, Plaintiff Bailey was a deputy sheriff for Humphreys County Sheriff's Office.

6. Plaintiff, Brandon Bogges, is an adult resident of Humphreys County, Tennessee. During the applicable statutory period, Plaintiff Bogges was a jailer for Humphreys County Sheriff's Office.

7. Plaintiff, Daniel Buchanan, is an adult resident of Humphreys County, Tennessee. During the applicable statutory period, Plaintiff Buchanan was a deputy sheriff for Humphreys County Sheriff's Office.

8. Plaintiff, Wesley Hagler, is an adult resident of Benton County, Tennessee. During the applicable statutory period, Plaintiff Hagler was a dispatcher in the Humphreys County Sheriff's Office.

9. Plaintiff, Valerie Willyerd, is an adult resident of Benton County, Tennessee. During the applicable statutory period, Plaintiff Willyerd was a deputy sheriff for Humphreys County Sheriff's Office.

10. Plaintiff, Patsy Wilson, is an adult resident of Madison County, Tennessee. During the applicable statutory period, Plaintiff Wilson was a deputy sheriff for Humphreys County Sheriff's Office.

11. Defendant, Humphreys County Government ("Humphreys County Government"), is a political subdivision organized and existing under the laws of the State of Tennessee. The County may be served through its chief executive officer, Jessie R. Wallace, at 102 Thompson Street, Waverly, Tennessee, 37185

12. Defendant is/was an "employer" within the meaning of 29 U.S.C. § 203(d), an "enterprise" under 29 U.S.C. § 203(r), and a "public agency" within the meaning of 29 U.S.C. § 203(x) and employed the Plaintiffs.

13. Defendant implemented an illegal compensation computation method, which under

counts Plaintiffs' "regular rate" of pay. Defendant's method of calculating Plaintiffs' "regular rate" of pay has resulted and continues to result in underpayment for overtime hours worked. Defendant permitted Plaintiffs to perform overtime work without proper compensation.

14. Plaintiffs bring this action on behalf of themselves and all other similarly situated individuals. Those individuals constitute a well-defined community of interest in the questions of law and fact at issue in this case. The claims of the represented Plaintiffs are typical of the claims of those similarly situated.

## JURISDICTION AND VENUE

15. This is an action to recover wages and damages owed under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et. seq.*,

16. This action is brought as a collective action under the FLSA, 29 U.S.C. § 216(b), to recover unpaid wages, overtime wages, liquidated damages, attorneys' fees and other statutory penalties resulting from violations of the FLSA.

17. This Court has jurisdiction over the subject matter and the parties pursuant to FLSA 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

18. Venue is proper in this Court under 28 U.S.C. §§ 1391(b)(2) and 1391(c) because a substantial part of the events giving rise to the claim occurred within this judicial district.

19. This is an action for a declaratory judgment under 28 U.S.C. §§ 2201 and 2202, and for compensation and other relief under the FLSA, 29 U.S.C. § 201, *et. seq.*,

20. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## FLSA COLLECTIVE ACTION ALLEGATIONS

21. In addition to Plaintiffs, other similarly situated non-exempt (hourly) employees of

Defendant worked as sheriff deputies and jailers, performing the same tasks as Plaintiffs and further they too were subject to the failure and refusal of Defendant to pay legally mandated compensation for work performed as set forth hereinabove.

22. At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiffs by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees at a rate less than time and a half for their overtime.

23. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation, liquidated damages, interest, attorney's fees and costs under the FLSA. In addition to Plaintiffs, numerous current and former employees of Defendant are similarly situated to Plaintiffs with regard to their wages and damages, in that they have been denied proper overtime compensation for at least three (3) years prior to the filing of this complaint.

24. Plaintiffs are representative of those other current and former employees and are acting on behalf of the interests of those employees as well as Plaintiffs' own interests in bringing this action.

25. Those similarly situated employees are known to Defendant and are readily identifiable and may be located through Defendant' records.

26. These similarly situated employees may be readily notified of this action and allowed to "opt in" pursuant to 29 U.S.C. § 216(b), for the purposes of collectively adjudicating their claims for overtime compensation, liquidated damages, interest, attorney's fees, and costs under the FLSA.

27. Therefore, named Plaintiffs should be permitted to bring this action as a collective action for and on behalf of themselves and those employees similarly situated, pursuant to the "opt-in" provisions of FLSA 29 U.S.C. § 216(b),

## **STATEMENT OF FACTS**

28. Plaintiffs are current or former employees (sheriff deputies and jailers) of Defendant Humphreys County Government, working in the Humphreys County Sheriff's Office, and throughout their employment with Humphreys County Government, each were covered, non-exempt, employees under the FLSA.

29. At time of employment, plaintiffs were provided with the Humphreys County Employee Handbook. Defendant Humphreys County revised its Personnel Policies/Handbook effective January 1, 2021.

30. The Humphreys County Employee Handbook, which was in effect through December 31, 2020, sets forth that the pay period for Plaintiffs is a seven (7) day work week. The Handbook further sets forth that the work week is from 12:01 a.m. on Sunday to 11:59 p.m. on Saturday.

31. Beginning January 1, 2021, Humphreys County Government changed its seven (7) day work week to 12:01 a.m. on Friday to 11:59 p.m. on Thursday and did not tell the Plaintiffs it was making this change.

32. Defendant did not correctly calculate the Plaintiffs pay under the Fair Labor Standards Act for the timeframe during which the employer adopted a different work week.

33. Prior to January 1, 2021, Humphreys County Government was on a semi-monthly pay schedule. Beginning January 1, 2021, Humphreys County Government changed its pay schedule to bi-weekly.

34. Even though Defendant changed its pay schedule to bi-weekly on January 1, 2021, Defendant still utilized the semi- monthly fifteen (15) day work period.

35. At all times relevant hereto, Plaintiffs submitted their time sheets to the Humphreys County Sheriff's Office for review and approval.

36. The Defendant Humphreys County did not/does not properly pay the Plaintiffs for the hours worked.

37. Defendant has intentionally and willfully failed to pay Plaintiffs for all hours worked including overtime hours, during their employment in violation of the FLSA.

38. These intentional and willful failures to pay overtime occurred throughout the statutory period and commenced prior to the 2021 changes in the Humphreys County Handbook.

39. On information and belief, Defendant has for more than 3 years, willingly, deliberately, and intentionally refused to pay Plaintiffs for time actually worked, and for time and one-half pay for overtime worked.

40. Defendant willfully, deliberately and intentionally failed to pay Plaintiffs and Plaintiff class members for time actually worked and for time and one-half overtime wages to Plaintiffs and Plaintiff class members who worked over 40 hours per week.

41. Named Plaintiffs and Plaintiff class members are, therefore, owed compensation for time actually worked but not paid, and time and one-half overtime wages and back wages by Defendant who willingly and knowingly withheld those wages as well as liquidated damages for these willful and knowing violations.

**FIRST CAUSE OF ACTION**
**Violation of the FLSA**
**(Brought on behalf of Plaintiffs and the FLSA Collective)**

42. The foregoing paragraphs are included herein as though fully set forth herein.

43. Defendant is an entity covered by the requirements of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*

44. At all relevant times, Defendant is and was an employer within the meaning of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* and is subject to the provisions of such Act.

45. Plaintiffs and the Plaintiff class members at all relevant times were employees of Defendant, as defined by the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*

46. During the period of time that Plaintiffs and Plaintiff class members were employed by Defendant, Plaintiffs and class members performed work for which they were not compensated and regularly performed more than 40 hours of work per week (overtime work) for which no additional compensation was paid to them by Defendant in violation of the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* More specifically, Defendant violated § 7 of the FLSA by failing to pay Plaintiffs and Plaintiff class members for all the time that they worked and pay them time and one-half overtime wages to hourly non-exempt employees who constitute the Plaintiffs and Plaintiff class members and earned overtime pay.

47. Upon information and belief, the Defendant's pay system is and has been unilaterally imposed upon Plaintiffs and Plaintiff class members.

48. Defendant's failure to compensate Plaintiffs and Plaintiff class members for all compensable hours violates the FLSA and the regulations thereunder.

49. Defendant's failure to properly administer a scheme of compensation, including but not limited to actual time, overtime and/or comp time compensation violates the overtime provisions of the FLSA and the regulations thereunder.

50. Defendant's failure to compensate Plaintiffs and Plaintiff class members for all compensable hours was a willful and knowing violation of the FLSA.

51. As a result of Defendant's willful and knowing failure to properly compensate Plaintiffs and Plaintiff class members, Plaintiffs and Plaintiff class members have suffered substantial delays in receipt of wages old and damages.

52. Defendant's failure to properly administer a compensation scheme for overtime was a willful and knowing violation of the FLSA.

53. Pursuant to 29 U.S.C. §§ 207, 216, Defendant owes Plaintiffs and Plaintiff class members compensation for the hours they worked for which they were not paid compensation for the overtime work for which they were not properly paid and an additional equal amount as liquidated damages, together with an additional sum for attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs and those individuals who are similarly situated request that judgment be entered in their favor against Defendant:

A. That the Court certify the collective group named in the instant suit as an OPT-IN collective action under 29 U.S.C. § 216(b);

B. That the Court declare the rights and duties of the parties consistent with the relief sought by Plaintiff's;

C. That the Court issue a declaratory judgment that Defendant's acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

D. That the Court enjoin Defendant from committing further violations of the Fair Labor Standards Act;

E. That the Court award Plaintiffs and the collective group members compensatory damages and an equal amount of liquidated damages as provided under the law and pursuant to 29 U.S.C. § 216(b);

F. That the Court award Plaintiffs and the collective group's reasonable attorney's fees, costs and expenses;

G. That the Court order Defendant to make the Plaintiffs and the collective group members whole by providing appropriate back pay and other benefits wrongly denied, as well as liquidated damages, in an amount to be shown at trial and other affirmative relief;

H. Awarding reasonable incentive awards to the Named Plaintiffs to compensate them for the time and effort they have spent and will spend protecting the interest of other Class Members, and the risks they are undertaking;

I. Granting leave to add additional case plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

J. An order requiring Defendant to preserve all electronically stored information relevant to this lawsuit; and,

K. For all such other relief as the Court deems just and equitable and to which they are entitled at law and equity.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury in the above-captioned matter.

Respectfully submitted on this the 31st day of October 2022.

**SESSIONS LAW FIRM, PLLC.**

By: /s/ William C. Sessions
William C. Sessions, III (TN #15017)
Frances H. Sessions (TN #16896)
*Attorneys for Plaintiffs*
Post Office Box 331
Brunswick, Tennessee 38014-331
(901) 848-9654
Wsessions@SessionsLawPllc.com
BSessions@SessionsLawpllc.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of October, 2022, I electronically filed the foregoing document with the Court's ECF system. Service of this Complaint will be made on Defendant with a summons to be issued by the Clerk per the Federal Rules of Civil Procedure.

/s/ William C. Sessions
William C. Sessions, III